JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
    E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KEVEN123STORE, INC., a Business Entity of Unknown Status; KELONG LIN, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-04207 PSG (PLAx)<br><br>**PLAINTIFF OTTER PRODUCTS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS KEVEN123STORE, INC.'S AND KELONG LIN'S COMPLIANCE WITH DISCOVERY AND REQUEST FOR SANCTIONS FOR THE AMOUNT OF $2,190.00 AGAINST DEFENDANTS AND THEIR COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently with Declaration |

- 1 -
PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH DISCOVERY

|   |   |
|---|---|
| 1 | of Ani S. Garibyan in support thereof; [Proposed] Order] |
| 2 | |
| 3 | Date:       January 8, 2013<br>Time:       10:00 a.m. |
| 4 | Courtroom:  G – 9th Floor |

**TO THE DEFENDANTS AND TO THE COURT:**

PLEASE TAKE NOTICE THAT on January 8, 2013, at 10:00 a.m., this matter may be heard in Courtroom G of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff OTTER PRODUCTS, LLC will present its Motion to Compel Defendants KEVEN123STORE, INC.'s and KELONG LIN's compliance with discovery that has been served in this matter and not been responded to in any manner. This Motion is made pursuant *Federal Rules of Civil Procedure (F.R.C.P) 37* and *Local Rule (L.R.) 37,* following Plaintiff's numerous attempts to meet and confer with Defendants and their counsel who ultimately failed to respond to Plaintiff's discovery.

This Motion is based upon this Notice of Motion and Motion to Compel Compliance with Discovery, the attached Memorandum of Points and Authorities with request for monetary sanctions in the amount of $2,190.00, the Declaration of Ani S. Garibyan, Esq. filed concurrently herewith in lieu of a Joint Stipulation pursuant to *L.R.* 37-2.4(a), and the papers and records on file herein, and upon such oral and documentary evidence as may be presented at the hearing of this matter.

DATED: November 30, 2012

JOHNSON & PHAM, LLP

By: /s/ *[signature]*
Christopher Q. Pham, Esq.
Ani S. Garibyan, Esq.
Attorneys for Plaintiff
OTTER PRODUCTS, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTORY STATEMENT

Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") has provided Defendants KEVEN123STORE, INC. ("Keven123Store") and KELONG LIN ("Lin"), (collectively, "Defendants") numerous notices and extensions to comply with and provide Defendants' responses to Plaintiff's Interrogatories, and Requests for Production of Documents, Sets One, to no avail.

Defendants' responses to Plaintiff's Interrogatories, and Requests for Production of Documents, Sets One, were due no later than October 22, 2012. Plaintiff provided a courtesy reminder to Defendants and extended this due date to October 26, 2012, and then again to November 5, 2012, in hopes of receiving Defendants' responses. Plaintiff's professional courtesy was met with unfulfilled promises of disclosure, and ultimately no disclosure by Defendant.

Accordingly, Plaintiff respectfully requests this Court to intervene and compel Defendants' cooperation without objection. Plaintiff requests for Defendants to provide responses to Plaintiff's Interrogatories, and Requests for Production of Documents, Sets One, all of which without objection.

## II. FACTUAL BACKGROUND

Plaintiff, founded in 1998, is a retailer of and distributor of high-quality protective cases, peripherals and accessories for portable electronic devices and computers. Plaintiff develops and manufactures protective carrying cases including but not limited to the following products such as the Apple iPhone®, Apple iPad®, and Apple iPod Touch®; Smartphones including Blackberry®, HTC®, Nokia®, Samsung®, LG® and Motorola® models; Personal Computer Laptops including Dell®; Tablet Cases for the Amazon Kindle®, eReader®, Palm® Cases, and Sony® Cases. Plaintiff is the exclusive owner of federally-registered and common Law trademarks. Plaintiff owns the following United States Trademark Registrations for its "OTTERBOX" and "DEFENDER SERIES" marks: U.S. Reg.

Nos. 2287619; 3791318; 3788535; 3788534; 3865367; and 3623789. *See* Complaint ("Compl."), Exhibits ("Ex.") "A" – "F". Defendant Keven123Store is a Business Entity of Unknown Status and Defendant Lin is an individual doing business as Keven123Store. *See* Declaration of Ani S. Garibyan ("Garibyan Decl."), ¶¶2-3.

On May 14, 2012, Plaintiff filed its Complaint against Defendant asserting the following claims and causes of action: FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §1114/Lanham Act § 43(a)]; FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)]; TRADEMARK DILUTION [15 *U.S.C.* §1125(c)]; UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; UNJUST ENRICHMENT; and DECLARTORY RELIEF. On June 5, 2012, Defendants were served with a Summons and Complaint at the address of 1434 144th Place, Whitestone, New York 11357. *See* Garibyan Decl., ¶4.

On June 26, 2012, Defendants filed their Answer. Defendant has failed to comply with the *FRCP*, and failed to participate in this litigation including its failure to respond to written discovery. *See* Garibyan Decl., ¶5.

On September 19, 2012, Plaintiff served Defendant Keven132Store with Interrogatories, and Requests for Production of Documents. To date, Defendant Keven123Store has not responded to the Interrogatories or Requests for Production of Documents. *See* Garibyan Decl., ¶6 and Ex. "A," and "B," thereto. Also, on September 19, 2012, Plaintiff served Defendant Lin with Interrogatories, and Requests for Production of Documents. To date, Defendant LIN has not responded to the Interrogatories or Requests for Production of Documents. *See* Garibyan Decl., ¶7 and Ex. "C," and "D," thereto.

On October 16, 2012, Plaintiff's counsel prepared and forwarded a letter courteously reminding counsel for Defendants' of the deadline for Defendants' responses to Plaintiff's discovery. According to the *FRCP*, Defendants' responses

1  to Plaintiff's discovery were due no later than October 22, 2012. *See* Garibyan
2  Decl., ¶8 and Ex. "E," thereto.
3       On October 23, 2012, during a telephone conference between counsel for the
4  parties, Plaintiff granted Defendants an extension to respond to Plaintiff's
5  discovery no later than October 26, 2012. *See* Garibyan Decl., ¶9. Again, on
6  November 5, 2012, Plaintiff had not received any responses or responsive
7  documents from Defendants. Plaintiff's counsel sent an e-mail to counsel for
8  Defendants informing of the necessity of Defendants providing responses to
9  Plaintiff's discovery. *See* Garibyan Decl., ¶10 and Ex. "F," thereto.
10      On November 21, 2012, Plaintiff had still not received any discovery
11 responses from Defendants and thus prepared and forwarded a letter to
12 Defendants' counsel via e-mail and U.S. Mail seeking to engage in the requisite
13 pre-filing under *Local Rule* (*L.R.*) 37-1 prior to the filing of the instant motion. As
14 set forth in the letter, counsel for Plaintiff attempted to arrange for a telephonic
15 conference to discuss Defendants' failure to respond to Special Interrogatories, and
16 Requests for Production of Documents or to produce documentation responsive
17 thereto. *See* Garibyan Decl., ¶11 and Ex. "G," thereto.
18      On November 28, 2012, counsel for the parties engaged in a telephonic
19 conference. Defendants' counsel indicated that he did not know when or if
20 Defendants' will provide responses to Plaintiff's discovery. Plaintiff's counsel
21 responded that Plaintiff will move forward with filing the instant motion and seek
22 sanctions. *See* Garibyan Decl., ¶12. Defendants ultimately failed to response to
23 Plaintiff's Interrogatories and Requests for Production of Documents. This Motion
24 follows. *See* Garibyan Decl., ¶13.

### III. DEFENDANTS HAVE WAIVED ALL OBJECTIONS DUE TO THEIR FAILURE TO PROVIDE DISCOVERY RESPONSES

27      Defendants have not provided any responses to Plaintiff's Interrogatories
28 and Requests for Production of Documents; therefore Defendants have waived all

objections thereto.

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party…" F.R.C.P. Rule 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal.2005) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998)).

It is well established that a failure to object to discovery request within the time required *constitutes a waiver of any objection*. [emphasis added] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); See also *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J.1990).

Defendants have failed to provide any responses to Plaintiff's discovery. Further, counsel for Defendants has made it clear that Defendants will not be providing any responses to Plaintiff's discovery. Defendants are inhibiting the true purpose of discovery throughout litigation. *See* Garibyan Decl. ¶¶12-13. Defendants' responses are vital to Plaintiff's claims and thus Defendants cannot put Plaintiff in a disadvantageous position by non-compliance with the *FRCP*. Thus, because of Defendants' complete unresponsiveness to Plaintiff's discovery, this Court should grant the instant Motion compelling Defendants' responses, without objections.

### A. Defendants Have Waived All Objections to Plaintiff's Request for Production of Documents Due to their Non-Responsiveness

Most critical is Plaintiff's right to discover probative evidence and seek and obtain redress for the violations of Plaintiff's intellectual property rights.

Defendants have not provided any discovery responses to Plaintiff's Requests for Production of Documents, Set One.

Failure to respond to a Rule 34 discovery request within the time permitted waives all objections thereto including claims of privilege and work-product. *Richmark*, 959 F.2d at 1473 (9th Cir. 1992). Further, failure to provide objections of any kind in response to the document request is grounds for any of the court imposed authorized sanctions under the Rules including dismissal or default. F.R.C.P. 37(d); *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65 (9th Cir. 1996). The Court may also provide an adverse inference instruction to the jury based on a party's failure to comply. *Residential Funding Corp. v. DeGeorge Fin'l Corp.*, 306 F.3d 99, 107 (2nd Cir. 2002).

Plaintiff propounded its Request for Production of Documents to Defendants on September 19, 2012, to which Defendants' responses were due by October 22, 2012. *See* Garibyan Decl., ¶¶6-7, Exs. "B" and "D," thereto. As a courtesy reminder, on October 16, 2012, counsel for Plaintiff sent a reminder letter to Defendants' counsel regarding the upcoming deadline for Defendants' responses to Plaintiff's discovery, in accordance with *FRCP*. *See* Garibyan Decl. ¶8, Ex. "E," thereto. Defendants did not provide responses to Plaintiff's Request for Production of Documents, by October 22, 2012. *See* Garibyan Decl. ¶8.

Thus, on October 23, 2012, during a telephone conference between counsel for the parties, Plaintiff granted Defendants an extension of time to respond to Plaintiff's discovery no later than October 26, 2012. Not surprisingly, Defendants did not provide discovery responses by the extended date of October 26, 2012. *See* Garibyan Decl. ¶9. On or about November 5, 2012, counsel for Plaintiff again informed Defendants' counsel via e-mail about the necessity of obtaining Defendants' responses to Plaintiff's discovery. Plaintiff's counsel did not receive a response to this e-mail. *See* Garibyan Decl. ¶10, Ex. "F," thereto.

Plaintiff's continued good faith efforts in order to avoid judicial intervention

in this matter were to no avail. On November 21, 2012, Plaintiff had still not received any discovery responses from Defendants and thus, in a final attempt, prepared and forwarded a letter to Defendants' counsel via e-mail and U.S. Mail seeking to engage in the requisite pre-filing under *Local Rule* (*L.R.*) 37-1 prior to the filing of the instant Motion. As set forth in the letter, counsel for Plaintiff attempted to arrange for a telephonic conference to discuss Defendants' failure to respond to Special Interrogatories, and Requests for Production of Documents or to produce documentation responsive thereto. *See* Garibyan Decl. ¶11, Ex. "G," thereto.

On or about November 28, 2012, counsel for the parties engaged in a telephonic conference. Defendants' counsel indicated that he did not know when or if Defendants' will provide responses to Plaintiff's discovery. Plaintiff's counsel responded that Plaintiff will move forward with filing the instant motion and seek sanctions. *See* Garibyan Decl. ¶12.

To date, Plaintiff has not received any responses and/or responsive documents from Defendants. *See* Garibyan Decl. ¶13. As Defendants have completely ignored Plaintiff's requests, as well as Plaintiff's courtesy extensions to respond, Defendants have shown their lack of respect for the discovery process, and Plaintiff's reliance on Defendants' expressions that they will cooperate and respond accordingly. Hence, Defendants must be ordered to immediately produce or make available for inspection all responsive documents without objections.

### B. **Defendants Have Waived All Objections to Plaintiff's Interrogatories Due to Their Non-Responsiveness**

Defendants have not provided any discovery responses to Plaintiff's Interrogatories, Set One; therefore, Defendants have waived any and all objections thereto. Failure to respond to a Rule 33 discovery request within the time permitted waives all objections thereto including claims of privilege and work-product. *Richmark*, 959 F.2d at 1473 (9th Cir. 1992). The party who resists discovery has the

burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). To this effect, Defendants have not provided any responses or objections to Plaintiff's First Set of Interrogatories.

Plaintiff propounded its Interrogatories to Defendants on September 19, 2012, to which Defendants' responses were due by October 22, 2012. *See* Garibyan Decl., ¶¶6-7, Exs. "A" and "C," thereto. To date, Defendants have not provided any responses to Plaintiff's Interrogatories, Set One, despite Plaintiff's numerous attempts at reminders, extensions and leniency. *See* Garibyan Decl. ¶¶8-11, Exs. "E" – "G," thereto.

Defendants' ultimate failure of providing responses to Plaintiff's propounded Interrogatories has left Plaintiff with no alternative but for filing the instant Motion and seeking judicial intervention to compel Defendants' compliance with the *FRCP*. See Garibyan Decl. ¶13. Plaintiff continuously sent Defendants reminders of upcoming discovery deadlines, and granted courteous extensions of those deadlines, in good faith. Unfortunately and ultimately, Defendants and their counsel took advantage of Plaintiff's courtesies and failed to provide any responses to Plaintiff's discovery. See Garibyan Decl. *Generally*. Thus, Plaintiff rightfully respects this Court compel Defendants to provide full, complete and substantive responses to Plaintiff's Interrogatories, Set One, without objections.

## IV. SANCTIONS ARE WARRANTED AGAINST DEFENDANTS AS THEY HAVE NOT COOPERATED IN THE DISCOVERY PROCESS WHATSOEVER

Defendants and their counsel have conducted themselves unprofessionally and with utter and complete disregard for the discovery process.

As the Ninth Circuit has stated, "(b)y the very nature of its language, sanctions imposed under Rule 37(b) must be left to the sound discretion of the trial

1  judge." *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir. 1976); see also
2  *Craig v. Far West Engineering Co.,* 265 F.2d 251, 260 (9th Cir.). The court on
3  motion may order sanctions "[i]f a party, after being properly served with
4  interrogatories under Rule 33 or a request for inspection under Rule 34, fails to
5  serve its answers, objections or written response." F.R.C.P. Rule 37(d)(1)(A)(ii);
6  *Ziehlke v. City of Angels Camp,* 2009 WL 2424696, *3 (2009).

7      Rule 37(b) provides that an attorney advising a disobedient party as well as
8  the party may be ordered to pay expenses and attorney's fees…." *David v. Hooker,*
9  *Ltd.,* 560 F.2d 412, 420 (1977). "Sanctions may include any of the orders listed in
10 Rule 37(b)(2)(A)(i)-(iv). Instead and in addition to these sanctions, the court must
11 require the party failing to act, the attorney advising that party, or both to pay the
12 reasonable expense, including attorney's fees, caused by the failure, unless the
13 failure was substantially justified or other circumstances make an award of
14 expenses unjust." F.R.C.P. Rule 37(d)(3).

15     Even without a prior discovery order, discovery misconduct may be
16 punished under the Court's "inherent powers" to manage its affairs. *Uniguard*
17 *Security Ins. Co. v. Lakwork Eng. Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992).
18 Pursuant to Rule 37, a party prevailing on its motion to compel can be granted
19 "reasonable" attorney's fees and costs for efforts towards the meet and confer
20 process, and the moving papers on its motion. *U.S. ex rel. O'Connell v. Chapman*
21 *University,* 245 F.R.D. 646, 651 (2007).

22     Here, Defendants' actions clearly mandate sanctions. Plaintiff has gone out
23 of its way to accommodate Defendants' lack of cooperation in the discovery
24 process. Plaintiff has provided numerous reminders and extensions for Defendants
25 to comply, all of which were in vain. Even after agreeing to accommodate
26 Defendants with such extensions, Defendants' counsel indicated that Defendants
27 may <u>not be providing discovery responses</u> at all. *See* Garibyan Decl., ¶12.
28     Accordingly, Plaintiff has exhausted its efforts in seeking Defendants'

cooperation and is left with no other alternative than to request this Court's intervention to compel Defendants' cooperation in the discovery process. Plaintiff also requests an award of sanctions in the amount of $2,190.00 against Defendants and their counsel of record, for the effort and time Plaintiff has applied to the meet and confer process, as well as bringing this Motion and the hearing thereto. *See* Garibyan Decl., ¶14.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectively requests that the Court enter an Order compelling Defendants to respond to Plaintiff's Special Interrogatories, and Requests for Production of Documents, without objection, and to produce responsive documentation within five (5) days of the Court's Order. Plaintiff also requests sanctions against Defendants and its counsel of record in the amount of $2,190.00 or whatever amount the Court deems appropriate for the efforts Plaintiff has applied in promoting discovery and in preparing this motion, and the hearing thereof.

DATED: November 30, 2012

JOHNSON & PHAM, LLP

By: /s/ Christopher Q. Pham
Christopher Q. Pham, Esq.
Ani S. Garibyan, Esq.
Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On November 30, 2012, I served the within document(s):

**PLAINTIFF OTTER PRODUCTS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS KEVEN123STORE, INC.'S AND KELONG LIN'S COMPLIANCE WITH DISCOVERY AND REQUEST FOR SANCTIONS FOR THE AMOUNT OF $2,190.00 AGAINST DEFENDANTS AND THEIR COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

**Shengjin Yang, Esq.**
**Jonathan S. Gould, Esq.**
**YANG & PARTNERS**
13618 39th Avenue, Suite 703
Flushing, NY 11354

**Rachel A. Nelson, Esq.**
**ADAMS & NELSON APC**
6320 Canoga Avenue, Suite 1500
Woodland Hills, CA 91367

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 30, 2012, at Woodland Hills, California.

_____
Brett P. Ralston