JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
    E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

E-FILED 02/19/13

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>            Plaintiff,<br><br>      v.<br><br>KEVEN123STORE, INC., a Business Entity of Unknown Status; KELONG LIN, an Individual; and DOES 1-10, Inclusive,<br>            Defendants. | Case No.: CV12-04207 PSG (PLAx)<br><br>**PERMANENT INJUNCTION ORDER AGAINST DEFENDANTS KEVEN123STORE, INC. AND KELONG LIN**<br><br>Complaint Filed: May 14, 2012 |

Having reviewed the Stipulation to Issuance of Permanent Injunction entered into between Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") and Defendants KEVEN123STORE, INC. and KELONG LIN ("Defendants"), and good cause

appearing, the Court hereby finds as follows:

a. WHEREAS Plaintiff is the owner of numerous trademarks which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including high-quality protective cases, peripherals and accessories for portable electronic devices and computers. Plaintiff owns all rights in and to a family of federally registered trademarks which include the following, among others (collectively, "Plaintiff's Registered Marks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

2. WHEREAS Plaintiff also has numerous pending trademarks with the United States Patent and Trademark Office. The serial numbers of Plaintiff's

PERMANENT INJUNCTION ORDER AGAINST DEFENDANTS EQUIPPED, LLC AND ARI CIMENT

pending trademarks are as follows: 85416877; 85456430; 85458259; 85462689; 85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999; 85428337; 85288182; 85288187 and 85342514.

3. WHEREAS on May 14, 2012, Plaintiff filed its Complaint in this Civil Action No. Civil Action No. CV12-04207 PSG (PLAx) against Defendants, alleging causes of action under §32(1) of the Lanham Act (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin Defendants' current and prospective infringement and dilution of the Plaintiff's Marks and unfair competition, and to recover monetary damages resulting from those actions.

4. WHEREAS Plaintiff served the summons and Complaint on Defendants on June 5, 2012.

5. WHEREAS Defendants have sold no less than 9,530 units of counterfeit OTTERBOX® products on eBay.com and Amazon.com, seller ID "123rainman7679".

6. WHEREAS after reviewing the papers and evidentiary support provided to Defendants, Defendants have agreed to stipulate to the issuance of a permanent injunction with respect to matters referenced in this Stipulation.

7. WHEREAS Defendants admit that, without Plaintiff's knowledge or consent and based on information provided to Defendants by Plaintiff, it purchased and sold in interstate commerce counterfeit and non-genuine products which displayed, infringed, and diluted Plaintiff's Marks.

8. WHEREAS the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or

entry of the Permanent Injunction Order on this Stipulation for Entry of Permanent Injunction, provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that Defendants may offer proof in defense of Plaintiff's claims for damages.

9. WHEREAS the parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT Defendants and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with it, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Mark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

c. The unauthorized use, in any manner whatsoever, of any Plaintiff's trademark, trade name and/or trade dress including, but not limited to, the

Plaintiff's Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i.    on or in conjunction with any product or service; and

    ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

    h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase,

1 procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

10. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

11. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

IT IS SO ORDERED.

DATED: __02/19__, 2013

**PHILIP S. GUTIERREZ**
_____
Hon. Philip S. Gutierrez
United States District Court Judge

Case 2:12-cv-04207-PSG-PLA   Document 27   Filed 02/19/13   Page 7 of 7   Page ID #:234

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On February 15, 2013, I served the within document(s):

**PERMANENT INJUNCTION ORDER AGAINST DEFENDANTS KEVEN123STORE, INC. AND KELONG LIN**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

**Shengjin Yang, Esq.**
**Jonathan S. Gould, Esq.**
**YANG & PARTNERS**
13618 39th Avenue, Suite 703
Flushing, NY 11354

**Rachel A. Nelson, Esq.**
**ADAMS & NELSON APC**
6320 Canoga Avenue, Suite 1500
Woodland Hills, CA 91367

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 15, 2013 at Woodland Hills, California.

_____
Edit Avakian